UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WELLS FARGO BANK, N.A., TRUSTEE, :

    Plaintiff, :

      vs. : No. 3:05cv01924(CFD)(WIG)

MICHAEL KONOVER, :
KONOVER DEVELOPMENT CORPORATION,
KONOVER CONSTRUCTION CORPORATION, :
KONOVER & ASSOCIATES, INC.,
BLACKBOARD LLC, and :
RIPPLE, LLC,
         :
    Defendants.
-----------------------------------------------------------------X

RULING ON PLAINTIFF'S MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT [DOC. # 236]

      Plaintiff seeks leave of this Court to amend its original complaint filed December 15, 2005. The original complaint set forth four counts. The proposed amended complaint sets forth the factual allegations supporting these claims with greater particularity and adds three new counts arising out of the same facts described in the original complaint. Additionally, the fourth count has been amended to clarify that it is pled only against defendant Michael Konover.

      Defendants strenuously oppose Plaintiff's motion, accusing Plaintiff of attempting an "end-run" around their pending motion for partial summary judgment, in which they argue that many of Plaintiff's original claims are barred by the doctrine of *res judicata*. They further assert that the proposed amended complaint vastly expands the scope of the litigation and, thus, is both untimely and prejudicial given that a year of discovery has already been conducted. Further, they argue that the amendments to several of the original counts as well as the new counts should be

1

disallowed on futility grounds in that these claims are either barred by the applicable statute of limitations or have not been pled with the requisite specificity.

Plaintiff denies that any of its claims are time-barred and relies, alternatively, on the relation-back doctrine of Rule 15(c), Fed. R. Civ. P., to save any of its untimely claims. Plaintiff further denounces Defendants' claims of prejudice, pointing to the facts that document production only commenced this past spring and that the first deposition was not taken until May 31, 2007. Moreover, Plaintiff argues, Defendants should not be able to cut off its right to amend by prematurely filing a motion for summary judgment before discovery has taken place. Indeed, the amendments have been proposed in part to address discovery issues that have arisen between the parties.

Rule 15(a), Fed. R. Civ. P., governs the disposition of this motion. Rule 15(a) provides in relevant part that, once a responsive pleading has been served, a plaintiff may amend its complaint only by leave of court (or with the written consent of the adverse parties), and "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court, in Foman v. Davis, 371 U.S. 178, 182 (1962), emphasized that, although courts are afforded discretion in determining whether to grant leave to amend, the mandate of Fed. R. Civ. P. 15(a) is to be heeded.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

2

Id.

This Court has carefully considered Defendants' arguments that Plaintiff's proposed amendments are untimely and prejudicial. In light of the numerous discovery disputes between the parties, many of which are yet unresolved, and the paucity of discovery that has been accomplished to date, the Court finds that Defendants will not be unduly prejudiced by granting Plaintiff leave to amend. Additionally, the Court finds that Plaintiff has not been inordinately dilatory in seeking leave to amend. Indeed, Plaintiff maintains that it was only through the discovery that it discerned many of the facts that have been added to the original complaint.

Thus, under the circumstances, the Court finds that the only valid reason for denying leave to amend would be the futility of the proposed amendments. See Grace v. Rosenstock, 228 F.3d 40, 53 (2d Cir. 2000) (holding that, in determining whether leave to amend should be granted, the court has discretion to consider the futility of the amendment as, for example, when the new claims would be barred by the statute of limitations), cert. denied, 532 U.S. 923 (2001). This is a matter committed to the Court's sound discretion. Foman, 371 U.S. at 182.

Given the pendency of Defendants' motion for partial summary judgment, the complexity of Defendants' challenges to the legal sufficiency of the proposed amendments, and the lack of discovery that has taken place to date, the Court declines to address fully the futility arguments raised by Defendants. See Ricciuti v. N.Y.C. Transit Authority, 941 F.2d 119, 123 (2d Cir. 1991); Stiller v. Colangelo, 221 F.R.D. 316, 317 (D. Conn. 2004); see generally 3 James Wm. Moore, Federal Practice § 15.15[3] (3d ed. 2007). In any event, the claimed futility is far from evident. Defendants may pursue their defenses at a later date through the appropriate motions. At this juncture in the litigation, the most critical factor is for the parties to have an operative

complaint that will help define the proper contours of discovery. Rule 15(a) dictates that leave to amend shall be freely given when justice so requires. In this case, justice so requires.

Accordingly, Plaintiff's Motion for Leave to File Amended Complaint [Doc. # 236] is GRANTED. Plaintiff is directed to file the attached amended complaint, to which Defendants will have ten (10) days to respond.

SO ORDERED, this ___18th___ day of October, 2007, at Bridgeport, Connecticut.


          /s/ *William I. Garfinkel*
          WILLIAM I. GARFINKEL,
          United States Magistrate Judge