UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WELLS FARGO BANK, N.A. TRUSTEE          :

    Plaintiff,                          :

vs.                                     :    No. 3:05CV1924(CFD)(WIG)

MICHAEL KONOVER, et al                  :
    Defendants.                         :    MARCH 4, 2009

**RULING ON (Doc. # 423) MOTION FOR CLARIFICATION AND
LIMITED RECONSIDERATION OF SPECIAL MASTER'S RULING
REGARDING KONOVER FAMILY LIMITED PARTNERSHIP'S MOTION
TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER (Doc. # 411)**

By motion dated June 25, 2008 **(Doc. # 423)**, non-party Konover Family Limited Partnership ("KFLP") has moved for clarification and limited reconsideration of the Special Master's Ruling on Konover Family Limited Partnership's Motion to Quash Subpoena **(Doc. # 299)** and for Protective Order **(Doc. # 313)** dated June 6, 2008 **(Doc. # 411)**. As set forth herein, this motion is **GRANTED IN PART** and **DENIED IN PART**. This Ruling confirms the ruling issued orally at the hearing on this matter on November 24, 2008. (Tr. of Hearing on Nov. 24, 2008, pp. 103-15).

KFLP seeks reconsideration of the portion of the Special Master's June 6, 2008 Ruling holding that documents and information between June 2, 2000 and the present were sufficiently relevant to Plaintiff's veil-piercing claims to be discoverable. (June 6, 2008 Ruling at 19-20). In its November 16, 2007 motion (Docs. ## 299, 313) and supporting memorandum (Docs. ## 300, 312), KFLP argued, in part, that the time period for which Plaintiff's sought discovery were irrelevant to Plaintiff's claims and made compliance with

Plaintiff's requests unreasonable and unduly burdensome. (KFLP Mem. dtd Nov. 16, 2007 at 17-20; KFLP Reply Mem. dated Dec.20, 2007 at 2-5). In its motion reconsideration, KFLP asserted for the first time that there were significant changes in the properties owned by KFLP between June 2000 and June 2005, thereby rendering much of the information sought concerning the value of properties owned directly or indirectly by KFLP irrelevant to the value of KFLP in June 2005. Plaintiff contends that the discovery sought is relevant to the value of KFLP in June 2005 when, it claims, Maryland Judgment Debtor Konover Management Corp. ("KMC"), later known as Peerless Corporation, fraudulently sold its one percent general partner interest in KFLP to defendant Ripple LLC for inadequate consideration. Although in its original November 16, 2007 motions, KFLP argued that discovery sought as early as June 2000 included irrelevant documents and information and that compliance with the subpoena would be unreasonable and unduly burdensome, it made no mention of a change in the property interests owned by KFLP between June 2000 and June 2005.

"Motions for reconsideration are implicitly authorized by Local Rule of Civil Procedure 7(c)1, which provides that such motions 'shall be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order.' A court's reconsideration power is related to the 'amorphous' law-of-the-case doctrine, which 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.' Arizona v. California, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983) . . . ." Von Spee v. Von Spee, 558 F.Supp. 223, 224 (D. Conn. 2008) (Arterton, J.).

Ultimately, the question of whether to reconsider a prior ruling is discretionary and the court is not limited in its ability to reconsider its own decision prior to final judgment. See Arizona v. California, 460 U.S. 605, 618, 103 S. Ct. 1382, 75 L.Ed.2d 318 (1983); Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd, 956 F.2d 1245, 1255 (2d Cir. 1992); Melamud v. United States Dept. of Home Security, Citizenship and Immigration Services, 2007 WL 2870978, at *1, 2007 U.S. Dist. LEXIS 71264, at *2 (D. Conn. Sept. 25, 2007) (Dorsey, J.); Brocuglio v. Proulx, 478 F.Supp.2d 309, 327 (D. Conn. 2007) (Underhill, J.); Berube v. Great Atlantic & Pacific Tea Co., Inc., 2007 WL 30863, at *2 (D. Conn. Jan. 4, 2007) (Dorsey, J.). Reconsideration will generally be granted only when a party can point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Id. (citations omitted). See also Melamud v. United States Dept. of Homeland Security, Citizenship and Immigration Services, 2007 WL 2870978, at *1 2007 U.S. Dist. LEXIS 71264, at *2-3 (D. Conn. Sept. 25, 2007) (Dorsey, J.). Although this standard has been described as "strict;" see e.g., Schrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995); Berube v. Great Atlantic & Pacific Tea Co., Inc., 2007 WL 30863, at *2 (D. Conn. Jan. 4, 2007) (Dorsey, J.) (granting motion for reconsideration, but adhering to prior ruling on motion to compel discovery); Russo v. Waring, 2006 WL 1601391, at *1, 2006 U.S. Dist. LEXIS 37164, at *3 (D. Conn. June 7, 2006); some courts have stated that "somewhat greater latitude is warranted where . . . the court is asked to reconsider a ruling on a discovery motion prior to any determination on the merits." Charles v. Cotter, 1994 WL 424144, at * n.1 1994 U.S. Dist. LEXIS 11255, at * 3, n.1 (N.D. Ill. Aug. 11, 1994). Moreover, "the law of the case doctrine . . . need not be applied where no prejudice results from its omission." Virgin Atlantic Airways, 956 F.2d at 1255. See also, Brocuglio v. Proulx, 478 F.Supp.2d 309, 327

(D. Conn. 2007) (Underhill, J.). In this context, "prejudice does not mean the harm which results from a failure to apply the [law of the case] doctrine, rather, it refers to a lack of sufficiency of notice and an opportunity to prepare armed with the knowledge that one judge is disregarding the ruling of another." Cumis Ins. Soc., Inc. v. Windsor Bank & Trust Co., 736 F.Supp. 1226, 1228-29 (D. Conn. 1990) (Nevas, J.).

Applying these principles in the context of a requested reconsideration of a ruling on discovery, KFLP's motion for reconsideration is **GRANTED**. As discussed below, to require discovery of substantial amounts of evidence concerning the value of KFLP's interest in properties which it did not own at the time a one percent interest in KFLP was allegedly fraudulent conveyed in June 2005 would impose significant cost and burden on KFLP without any reasonable prospect of Plaintiff obtaining relevant information or information that might reasonably lead to the discovery of admissible evidence. Moreover, Plaintiff has not demonstrated any relevant prejudice it would suffer as a result of reconsideration.

However, it is also clear that all of the facts and arguments raised by KFLP could have been brought to the Special Master's attention in connection with its original motion that led to the Ruling that KFLP now seeks to have reconsidered. As noted in Elliott v. British Tourist Auth., 2001 WL 963972 2001 U.S. Dist. LEXIS 12695 (S.D.N.Y. Aug. 22, 2001):

> The truth seeking aspect of the adversarial process requires that when parties litigate a contested question, they make their best arguments in the first instance, so that through the clash of these positions, their relative strengths may become apparent. Were it permissible for a party to deploy additional evidence in successive and repetitive motions, a court decision would provide little meaningful repose to a litigant.

> Moreover, the impact of the court's work load would be severe if, each time a party received an adverse decision that party was permitted then to submit already available, important new factual materials in an effort to reverse the adverse decision.

2001 WL 963972, at *3 2001 U.S. Dist. LEXIS 12695, at *7-9. See also Robinson v. Holland, 2008 WL 1924972, at *1 (D. Conn. Apr. 30, 2008) (Droney, J.) (holding that party seeking reconsideration failed to show that newly provided information could not have been discovered earlier had he exercised due diligence and therefore, did not constitute newly discovered evidence and did not warrant reconsideration of the prior ruling).

In light of the time consumed by the extensive discovery already undertaking and the delays inevitably resulting from motions for reconsideration and the impact of such delays on a final resolution of this matter, I am putting the parties on notice that, in the future, I am likely to take a significantly less liberal approach to granting motions for reconsideration when the grounds for such a motion or the facts supporting those grounds, including grounds of undue burden and expense, could have been raised in connection with the original motion, but were not.

Concerning the merits of the issues raised by KFLP in its motion for reconsideration and clarification, KFLP's motion is **GRANTED IN PART** and **DENIED IN PART**. Information concerning interests, property or other assets not owned by KFLP in June 2005 is not likely to lead to the discovery of admissible evidence and is likely to impose significant expense and burden on non-party KFLP, especially in view of the fact that only a one percent interest in KFLP was allegedly fraudulently transferred in June 2005. Therefore, KFLP's compliance with Plaintiff's subpoena is limited to interest, property, and other assets, including bank accounts, owned by KFLP in June 2005. KFLP is required to

produce documents concerning properties owned both directly and indirectly (e.g. in the form of an interest in a limited liability company that directly owned property).

With respect to the categories of documents that KFLP must produce concerning the properties in which it directly or indirectly owned an interest, KFLP is required to produce only documents in the following categories:

    a.    documents that evidence the purchase price of the property or interests owned directly or indirectly by KFLP;

    b.    any mortgage and promissory note concerning any property or interests owned directly or indirectly by KFLP;

    c.    any leases for property or interests owned directly or indirectly by KFLP;

    d.    income and expense information for property or interests owned directly or indirectly by KFLP;

    e.    balance sheets for any property or interests owned directly or indirectly by KFLP;

    f.    tax returns for any property or interests owned directly or indirectly by KFLP;

    g.    any appraisal of property or interests owned directly or indirectly by KFLP obtained in connection with the purchase of such property or interests;

    h.    real estate appraisals, listing arrangements, and documents concerning listing arrangements concerning interests or properties in which KFLP owned an interest;

    i.    offers to sell interests or property in which KFLP directly or indirectly owned an interest;

    j.    property tax appraisals and tax bills concerning interests or properties in which KFLP directly or indirectly owned an interest;

k.  documents concerning development plans and market studies concerning interests or properties in which KFLP directly or indirectly owned and interest.

For the reasons set forth in the Special Master's June 6, 2008 Ruling **(Doc. # 411)** at 19-20, KFLP is required to produce documents created between June 2, 2000 and December 31, 2007.

So long as KFLP produces its tax returns, not including Form K-1's issued by KFLP to its partners, KFLP is not required to produce Form K-1's issued to its partners.

With respect to bank accounts owned by KFLP or in which it had an interest in June 2005, KFLP is required to produce only documents concerning those bank accounts shared by KFLP and a Defendant or a Maryland Judgment Debtor.

KFLP shall produce the documents it is required to produce and which it has not already produced on or before January 15, 2009.

The scope of permissible discovery on topics as to which Plaintiff seeks to depose KFLP and as to which KFLP has sought reconsideration (Topics 3, 4, 5 and 20) shall be limited in a manner consistent with this ruling concerning the documents which KFLP must produce.

To the extent that this order differs in any respect from the order issued orally at the hearing on November 24, 2008, this order shall control.

Pursuant to Fed. R. Civ. P. 53 (g)(2) and the order of this Court dated November 7, 2006, any party may file objections to -- or a motion to adopt or modify -- this Ruling no later than 20 days from the time this Ruling is served.

SO ORDERED at New Haven, Connecticut, this 4th day of March 2009.

_____
David L. Belt, Special Master