UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WELLS FARGO BANK, N.A. TRUSTEE : | |
| Plaintiff, : | |
| vs. : | No. 3:05CV1924(CFD)(WIG) |
| MICHAEL KONOVER, et al : | |
| Defendants. : | MARCH 4, 2009 |

**RULING ON (Doc. # 439) MOTION FOR CLARIFICATION
AND/OR RECONSIDERATION OF SPECIAL MASTER'S SUBSTITUTED
RULING ON VICTORIA KONOVER'S MOTION TO QUASH SUBPOENA
AND FOR PROTECTIVE ORDER (Doc. # 430)**

By motion dated July 11, 2008 **(Doc. # 439)**, non-party Victoria Konover, the wife of defendant Michael Konover, has moved for clarification and/or limited reconsideration of the Special Master's Substituted Ruling on Victoria Konover's Motion to Quash Subpoena (Doc. # 307) and for Protective Order (Doc. # 320) dated June 26, 2008 **(Doc. # 430)**. As set forth herein, non-party Victoria Konover's motions for clarification and reconsideration are **GRANTED.**

By notice of deposition and subpoena dated November 1, 2007, Plaintiff seeks to take the deposition of non-party Victoria Konover, the wife of defendant Michael Konover. Topic No. 3, concerning which Plaintiff seeks to depose Victoria Konover, is "any other transactions/transfers between and among [Victoria] Konover and the Defendants/Judgment Debtors as reflected on the general ledgers produced." (Pl's. Mem. dated Dec. 10, 2007 at 3). In the June 26 Substituted Ruling, the Special Master ruled that "[e]vidence of transfers from one of the entity Defendants to or for the benefit of Michael

Konover's wife could lead to the discovery of admissible evidence concerning Plaintiff's claim that the corporate veil should be pierced between the entity Defendants and Michael Konover. (June 26 Ruling at 17). However, the June 26 Ruling also stated that "Victoria Konover's motion to quash concerning transactions and transfers between Victoria Konover and any of the Defendants or the Maryland Judgment Debtors as reflected on the general ledgers produced in this action is **DENIED**." (June 26 Ruling at 20). Michael Konover is a defendant in this action. Victoria Konover's motion "seeks clarification that personal transactions between herself and her husband are not within the scope of permissible discovery under the June 26 Ruling." (V. Konover Motion at 1-2).

Victoria Konover's motion for clarification and reconsideration are **GRANTED**. There is an apparent inconsistency in the Special Master's June 26 Ruling which defined the scope of permissible discovery in one instance as transfers from one of the entity Defendants to or for the benefit of Michael Konover's wife and in another instance as transactions and transfers between Victoria Konover and any of the Defendants. Michael Konover is one of the Defendants. However, there is no, nor could there be, a veil-piercing claim between Victoria Konover and Michael Konover. Although plaintiff argues that discovery of transfers between Michael Konover and his wife could be relevant to their veil-piercing claims if funds were "just run through Michael[ ] [Konover's] account and then to [Victoria Konover]" and that "[p]assing it through Michael [Konover] doesn't shield it [from discovery]." (Tr. of Nov. 24, 2008 Hearing at 226), Plaintiff makes no veil-piercing or fraudulent transfer claims concerning Victoria Konover. Nor does Plaintiff seek restitution from her by imposition of a constructive trust on identifiable assets in her hands traceable to her misconduct. Cf. Those Certain Underwriters at Lloyd's London v. Cooperman, 2006 WL 3316847, at *11 (Conn. Super. Ct. Oct. 27, 2006); Town of New Hartford v. Connecticut

2

Resource Recovery Authority, 2007 WL 1977151, at *88 (Conn. Super. Ct. June 19, 2007); Town of New Hartford v. Connecticut Resource Recovery Authority, 2007 WL 824562, at *5 (Conn. Super. Ct. Feb. 22, 2007). Indeed, Victoria Konover is not even a defendant in this action. Under these circumstances, transfers of personal funds of Michael Konover to his wife are beyond the scope of relevance for discovery purposes.

Victoria Konover has presented evidence that the general ledger maintained by defendant Konover Development Corporation for Michael Konover reflected transfers into and out of a personal checking account belonging to Michael Konover, in which none of the other Defendants or Maryland Judgment Debtors had an interest and to which none had access and that none of the cash reflected in the Michael Konover general ledger is maintained in a common bank account with other entities in which Michael Konover had a direct or indirect interest. (Victoria Konover Mem. dated July 11, 2008, Ex. 1, ¶¶ 9, 10). Discovery is, therefore, limited to transactions involving Victoria Konover and a Maryland Judgment Debtor or an entity Defendant other than Michael Konover, or payments made to or for the benefit of Victoria Konover out of a common account which included funds of an entity defendant other than Michael Konover or a Maryland Judgment Debtor.

To the extent that this order differs in any respect from the order issued orally at the hearing on November 24, 2008 (Tr. of Hearing on Nov. 24, 2008, pp. 223-27), this order shall control.

SO ORDERED at New Haven, Connecticut, this 4th day of March 2009.

_____
David L. Belt, Special Master