UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WELLS FARGO BANK, N.A., TRUSTEE,                  :

    Plaintiff,                                                              :

        vs.                                                                  :      No. 3:05cv01924(CFD)(WIG)

MICHAEL KONOVER,                                              :
KONOVER DEVELOPMENT CORPORATION,
KONOVER CONSTRUCTION CORPORATION,   :
KONOVER & ASSOCIATES, INC.,
BLACKBOARD LLC, and RIPPLE, LLC,                 :

    Defendants.
-------------------------------------------------------------X

RULING ON DEFENDANT'S MOTION TO COMPEL [DOC. # 526]

Defendant Konover Development Corporation ("KDC") has moved this Court for a ruling on the sufficiency of Plaintiff Wells Fargo Bank, N.A.'s ("the Trustee's") objections to Requests 20, 21, 22, 25, and 26 of KDC's Fifth Set of Requests for Admissions. All five requests concern whether the Trustee's trial counsel, Jeff Joyce, had certain discussions with counsel for the Maryland Judgment Debtors, C. William Clark, on or about May 23, 2008, pertaining to potential malpractice claims the Maryland Judgment Debtors might have against their Maryland trial counsel relating to a $3.5 million prepayment penalty included in the damage award.[1] KDC maintains that admissions to these requests would establish that the Trustee acknowledged that this $3.5 million was a "windfall" by virtue of its seeking the first position on any prospective malpractice settlement and are also relevant to KDC's equitable defenses. KDC

---

[1] The Maryland trial court denied the Trustee's claim for attorney's fees totaling $1.4 million because the court believed that the yield maintenance premium [or prepayment penalty], as well as the prejudgment interest and all of the other fees and costs that were included in the amended judgment, were sufficient to cover the attorney's fees. (Transcript at 18, Ex. A to Def.'s Mot.). The Trustee has appealed the Maryland trial court's denial of attorney's fees.

argues that requests for admissions are the most efficient and least burdensome means by which to obtain this information.  The Trustee responds that these admissions are entirely irrelevant to the claims in this action and are just one more attempt by Defendants to obtain discovery relating to Attorney Joyce, which this Court has previously disallowed. Further, two of the Requests, 21 and 22, ask the Trustee to reveal counsel's thought processes, which are protected by the work product doctrine.  Moreover, to the extent that the Maryland Judgment Debtors are able to recoup anything from their former counsel, this would reduce the amount of the Maryland Judgment and likewise reduce Defendants' exposure in this litigation.

  The Court has carefully reviewed the Requests that are in dispute and the arguments raised by the parties.  The Court agrees with the Trustee that the Requests are not relevant to the issues in this litigation.  If anything, the alleged discussions between the Trustee's counsel and the Judgment Debtors' counsel would show steps by the Trustee to collect the Maryland Judgment and to mitigate its damages.  The Court fails to understand how they would have any relevance to the equitable defenses raised by Defendants.  Even if by some stretch of logic one could conclude that by virtue of the Trustee's counsel contacting the Judgment Debtors' counsel about a potential malpractice claim, he was admitting that a portion of the Judgment was a "windfall," this would not have any relevance to any of KDC's equitable defenses in this "veil-piercing" litigation.  Accordingly, the Court denies Defendant's Motion to Compel [Doc. # 526].

  SO ORDERED, this __9th__ day of April, 2009, at Bridgeport, Connecticut.

             /s/ *William I. Garfinkel*
             WILLIAM I. GARFINKEL,
             United States Magistrate Judge