UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WELLS FARGO BANK, N.A., TRUSTEE,          :

    Plaintiff,                                       :

          vs.                              :     No. 3:05cv01924(CFD)(WIG)

MICHAEL KONOVER,                          :
KONOVER DEVELOPMENT CORPORATION,
KONOVER CONSTRUCTION CORPORATION,  :
KONOVER & ASSOCIATES, INC.,
BLACKBOARD LLC, and RIPPLE, LLC,          :

    Defendants.
--------------------------------------------------------------X

<u>RULING ON NON-PARTY KONOVER FAMILY LIMITED PARTNERSHIP'S MOTION
FOR RECOVERY OF COSTS AND ATTORNEY'S FEES [DOC. # 586]</u>

      Pursuant to Rule 45, Fed. R. Civ. P., non-party Konover Family Limited Partnership

("KFLP") has moved for a recovery of the costs and fees it incurred in objecting and responding

to discovery requests from Plaintiff, Wells Fargo Bank, N.A., Trustee, in the amount of

$229,763.43.  KFLP claims that an award is mandatory under Rule 45 because it was neither a

party to the underlying Maryland litigation nor is it a party to this action.

      Plaintiff responds that in order for a non-party to be entitled to reimbursement for any

costs associated with compliance with a subpoena, a non-party must be a truly disinterested

party, which KFLP is not.  KFLP is controlled by Defendants Michael Konover, the central

figure in this action, and Ripple LLC, its general partner. KFLP also has a material involvement

and strong interest in one of the central transactions being challenged as a fraudulent transfer in

this case, *i.e.* the transfer of Peerless Corporation's (f/n/a Konover Management Corporation)

general partnership interest in KFLP to Ripple in the wake the Maryland judge's announcement

that a judgment exceeding $20 million would be entered against Peerless.  Also, KFLP has a substantial interest in Ripple, its own general partner, prevailing in this action.  Moreover, Plaintiff argues that the vast majority of KFLP's expenses were related to its unreasonable litigation strategy.

The Court need not reach this last point for it finds that KFLP is not a truly disinterested party entitled to invoke the protections of Rule 45.

Rule 45 protects non-parties from significant expenses incurred in their compliance with a subpoena.  See Fed. R. Civ. P. 45 Advisory Committee's Note 1991 Adoption.  The Advisory Committee Notes speak in terms of a non-party's "involuntary assistance to the court," id., and provide the example of a non-party being required to provide a list of class members.

The courts have also made clear that Rule 45's required protection of a non-party from significant discovery expenses does not mean that the requesting party must bear the entire cost of compliance in every case.   A non-party can be required to bear some or all of the expenses where the equities of the particular case demand it.  In re Honeywell Int'l, Inc. Securities Litig., 230 F.R.D. 293, 302-03 (S.D.N.Y. 2003); In re Exxon Valdez, 142 F.R.D. 380, 383 (D.D.C. 1992).  To determine who should bear the costs, the courts have considered three factors: (1) whether the non-party actually has an interest in the outcome of the litigation; (2) whether the non-party can more readily bear the costs than the requesting party; and (3) whether the litigation is of public importance.  Linder v. Calero-Portocarrero, 180 F.R.D. 168, 177 (D.D.C. 1998); In re Exxon Valdez, 142 F.R.D. at 383.

In this case, KFLP is a limited partnership in which Michael Konover and his two siblings each hold a 33% limited partnership interest.  Ripple LLC is the general partner and

2

holds a 1% ownership interest, which it purchased in June 2005 from Peerless Corporation.
Ripple is owned and managed solely by Michael Konover.  Thus, KFLP is not the classic dis-
interested party subject to a subpoena from a party to a lawsuit to which it has no connection,
such as, for example, a non-party bank served with a subpoena requesting all bank records of
defendants in a RICO action. See Standard Chlorine of Delaware, Inc. v. Sinibaldi, 821 F. Supp.
232, 264-65 (D. Del. 1992).

Additionally, KFLP is represented by the same law firm that represents Michael Konover,
Blackboard LLC, Ripple LLC, Peerless Corporation, and MCK, Inc., in this litigation.  Many of
the same discovery requests were served on these defendants as well as on KFLP, and many of
the same objections were interposed.  From the limited time records produced, the Court cannot
discern whether the time spent attending motion hearings, for example, was solely on behalf of
KFLP, or on behalf of one or more of the parties to this litigation as well.

Lastly, the allegedly fraudulent transfer of the general partnership interest in KFLP from
Peerless to Ripple is at the very heart of discovery requests.  In determining whether the
requesting party should be required to bear the costs of production, a number of courts have
looked to whether the non-party was substantially involved in the underlying transaction and
could have anticipated that such transaction could potentially spawn litigation or discovery.  See,
e.g., Behrend v. Comcast Corp., 248 F.R.D. 84, 87 (D. Mass. 2008); Tutor-Saliba Corp. v.
United States, 32 Fed. Cl. 609, 610 n.5 (Ct. Fed. Cl. 1995); In re First Am. Corp., 184 F.R.D.
234, 242 (S.D.N.Y. 1998).   The transfer of the general partnership interest was made following
the Maryland judge's pronouncement of her intended ruling against Peerless but before judgment
entered.  Michael Konover testified in his deposition on behalf of KFLP that the reason the

transfer of the general partnership interest was undertaken was because Peerless could be facing some significant financial problems and that he did not think it would be a good thing for KFPL if its general partner was immersed in financial problems.   (Konover KFLP Dep. at 50-51.)    It is this very transfer that Plaintiff is challenging as a fraudulent transfer.

Accordingly, based on the Court's finding that KFLP is not a disinterested non-party, the Court denies the Motion for Recovery of Costs and Attorney's Fees by Non-Party Konover Family Limited Partnership [Doc. # 586].

SO ORDERED, this  __20th__  day of August, 2009, at Bridgeport, Connecticut.


  _/s/ William I. Garfinkel_____
WILLIAM I. GARFINKEL,
United States Magistrate Judge