# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 3:05-cv-1924 (CFD) |
| | : | |
| MICHAEL KONOVER, | : | |
| KONOVER DEVELOPMENT CORP., | : | |
| KONOVER CONSTRUCTION CORP., | : | |
| KONOVER & ASSOCIATES, INC., | : | |
| BLACKBOARD LLC, and RIPPLE LLC, | : | |
| Defendants. | : | |

## RULING ON MOTION FOR RECONSIDERATION

Wells Fargo Bank, N.A. ("Wells Fargo") brought this action asserting, among other claims, that Michael Konover, Konover Development Corporation ("KDC"), Konover Construction Corporation ("KCC"), Konover & Associates, Inc. ("K&A"), Blackboard LLC, and Ripple LLC (collectively the "defendants") wrongfully prevented Wells Fargo from collecting on a judgment entered by the Circuit Court for Baltimore, Maryland in 2005.

On March 28, 2011, this Court issued a ruling granting in part and denying in part the defendants' motions for summary judgment as to Counts One, Two, Four, Five, Six, and Seven of the Second Amended Complaint and granting in part and denying in part the plaintiff's motion for summary judgment as to certain of the defendants' affirmative defenses (the "Ruling"). The defendants have moved for reconsideration of certain factual statements and legal determinations made in the Ruling.

## I.      Motion for Reconsideration Standard

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The Court should not grant a motion for reconsideration where the moving party seeks merely to re-litigate matters already addressed by the Court. Id. Thus, "the function of a motion for reconsideration is to present the court with an opportunity to correct 'manifest errors of law or fact or to consider newly discovered evidence.'" Lo Sacco v. City of Middletown, 822 F. Supp. 870, 876–77 (D. Conn. 1993) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)).

## II.     Factual Clarifications

In their motion for reconsideration, the defendants request that the Court correct or clarify four factual statements from the Court's Ruling. The Court addresses each of those statements in turn. However, as a threshold matter, the Court notes that with respect to all of the counts remaining following the Court's Ruling, any factual statement made in the Court's ruling was not intended to be used as precedential value at trial.[1]

First, the defendants claim that the Court incorrectly stated that "[p]rior to 2000, KMC's primary business was managing the Konover Organization's properties through its leasing division." Ruling at 8. The defendants contend that KMC's property management functions

_____

[1] Additionally, the Court has not entered an order establishing the existence of any material facts pursuant to Federal Rule of Civil Procedure 56(g). The finding of facts is a role reserved for the jury or trier of fact.

were operated through its property management division, not its leasing division.  Based on the

Court's review of the record, the Court agrees with the defendants that there is no evidentiary

support that KMC managed the Konover Organization's properties through its leasing division,

and therefore strikes "through its leasing division" from the contested statement.  The Court

notes, however, that distinction has no material effect on the Court's Ruling and the striking of

the contested portion of that statement does not disturb the Court's holding.

Next, the defendants contest the Court's finding in Count Five that KMC was insolvent as

of June 30, 2000.  Ruling at 33 n.33.  In the Ruling, the Court based its finding solely on an

expert report submitted by Wells Fargo.  See Pl. Ex. 35.  In that report, Wells Fargo's experts

concluded that KMC was insolvent as of June 30, 2000.  See id. at 20–31.  The Court's finding in

n.33 was based on the apparent lack of evidence contradicting Wells Fargo's experts' conclusion.

However, in their motion for reconsideration, the defendants have identified for the Court their

own expert's report on the solvency and financial practices of the Konover Organization,

including KMC.  See  Def. Ex. 2, at 46–52.  The defendants' expert report is sufficient to create a

genuine issue of material fact as to KMC's solvency and, therefore, the Court modifies its Ruling

in n.33 to reflect that no determination as to KMC's solvency has been made.  Again, however,

the Court's modification of n.33 does not change the Court's granting of summary judgment in

Count Five as direct claims for a breach of fiduciary duty brought by a creditor of a corporation

are not permitted.  See Master-Halco, Inc. v. Scillia, Dowling & Natarelli, LLC, No. 3:09cv1546,

2010 WL 1729172, at *3 (D. Conn. Apr. 5, 2010) ("'[T]he general rule is that whether a

corporation is solvent or insolvent, directors of the corporation do not owe a fiduciary duty to a

corporate creditor that would expose them to personal liability to the creditor for an alleged

breach of such duty.'" (quoting <u>Metcoff v. Lebovics</u>, 977 A.2d 285, 291 (Conn. Super. Ct. 2007))); <u>see also</u> Ruling at 36 n.36.

The defendants also seek reconsideration of the Court's statements that Michael Konover had a "strong presence" and "active involvement" in each the defendants' business affairs.  <u>See</u> Ruling at 49, 51.  Both of the Court's statements with respect to Konover's involvement in the defendants' business affairs were made in the context of finding that there were genuine issues of material fact as to the defendants' knowledge of KMC's guaranty.  Furthermore, the Court's description of Konover's involvement was based on undisputed evidence from the record. Accordingly, the Court declines to modify its statements with respect to Konover's involvement.

Finally, the defendants request that the Court correct its statement that Michael Konover "failed to record personal loans to the Konover Organization in the organization's general ledgers."  Ruling at 22.  The Court agrees that there is insufficient evidence to support the Court's statement and strikes the statement from the Ruling.  Nonetheless, the removal of this factual statement does not alter the Court's ruling that there are genuine disputes of material facts as to whether KMC was the alter ego of Konover, KDC, and K&A under the "identity rule," as there remains sufficient evidence from which a reasonable jury could so conclude.

## III.    Legal Issues

In addition to the factual statements above, the defendants also seek reconsideration of several legal issues in the Court's Ruling.

First, the defendants seek clarification and reconsideration of several parts of the Court's holding in Counts One and Two (veil piercing under the instrumentality and identity rules, respectively).  While the defendants seek clarification of the transactions that may serve as the

basis for Wells Fargo's veil-piercing claims, the Court declines to do so.  The defendants'

characterizations of claims, including "Failure to Disclose," "Decision to Default," and "Failure

to Enforce," are self-created titles.  The Court did not adopt and incorporate those

characterizations into its Ruling; rather, the Court clearly set forth the specific transactions that

were relevant to the various veil-piercing claims, and there is no need for the Court to modify its

Ruling or provide additional clarification.  See Ruling at 14 (finding that the "'specific'

transactions attacked in Wells Fargo's veil-piercing claims are the transfers KMC engaged in

during both the Portfolio Sales and the asset dispositions in 2005 that Michael Konover directed

immediately preceding the Maryland court entering its judgment against KMC and the other

Judgment Debtors").  The defendants also contest the Court's reliance on the "purpose and

timing" of the Portfolio Sales, claiming that the Court improperly introduced a theory of recovery

that Wells Fargo had not presented.  See Ruling at 15.  However, the Court did not "create" a

new theory of recovery.  Instead, in stating that "there remains a genuine dispute of material fact

as to the purpose and timing of these sales," the Court addressed the defendants' principal

arguments in their motion for summary judgment—causation (or lack thereof).  Finally, the

defendants also take issue with the Court's statement that KMC sold its assets to KDC, claiming

that no such sale ever occurred.  See Ruling at 16.  The parties strongly disputed the nature of the

transactions between KMC and KDC throughout their various summary judgment motions.

While whether the various transfers of property and money from between KMC, KDC, and

Michael Konover may not have constituted "sales," there was still sufficient evidence for the

Court to conclude that there remain genuine issues of material fact as to whether Michael

Konover and KDC dominated and controlled KMC.

The defendants also seek reconsideration of their statute of limitations argument in Count Seven. The defendants claim that the statute of limitations bars Wells Fargo's claim for tortious interference with respect to any conduct that took place before July 12, 2004. While the Court did not specifically address the defendants' statute of limitations argument in its Ruling, the Court stated that "a factual question remains and the Court is unable to determine at this time which of the disputed allocations could or could not constitute tortious conduct." Ruling at 55. Based on this finding, any finding as to the applicability of the statute of limitations or continuing course of conduct doctrine would be inappropriate at this stage of litigation. Additionally, other genuine disputes of material fact preclude a finding of whether the defendants engaged in a continuing course of conduct. Accordingly, the defendants' motion to reconsider as to Count Seven is denied.

Finally, the defendants seek reconsideration of the Court's ruling granting Wells Fargo's motion for summary judgment as to certain affirmative defenses. The defendants' motion for reconsideration is based on arguments that they already presented in their motion for summary judgment, which the Court considered in making its Ruling. Accordingly, the Court's Ruling as to Wells Fargo's affirmative defenses remains, and the defendants' motion to reconsider is denied.

**IV.**     **Conclusion**

Accordingly, the defendants' motion for reconsideration [Dkt. #794] is GRANTED IN PART AND DENIED IN PART.

SO ORDERED this 21st day of September 2011, at Hartford, Connecticut.

/s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**