IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WELLS FARGO BANK, N.A., )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>MICHAEL KONOVER, )<br>)<br>Defendant. )<br>) | Case 3:05-cv-1924-AWT<br><br>November 26, 2012 |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO INVOKE THE RULE OF COMPLETENESS WITH RESPECT TO PLAINTIFF'S EXHIBIT 6A

Defendant Michael Konover submits this Memorandum in support of his motion to require the introduction of additional material from the Maryland Court's findings of fact to clarify the context and meaning of certain of the Judicially Noticed Facts contained within Plaintiff's Exhibit 6A.

## I. INTRODUCTION

As the Court is aware, Defendant has made multiple objections – both before and during the trial – to Plaintiff's use of the findings of fact entered by the Circuit Court for Baltimore County in the underlying Maryland Action.  Plaintiff recently made use of a number of those findings of fact during its direct examination of Michael Konover on Tuesday, November 20, 2012 to suggest that as of late 2002, Mr. Konover was motivated to *receive* a transfer of $633,000 to defraud Plaintiff.  But presentation of these findings, without presentation of the Maryland Court's determination on cross-examination that it could not find that Mr. Konover was

3937816.1

conscious of any wrongdoing by receiving this transfer, would render Plaintiff's presentation of these findings unfairly misleading.

Accordingly, Defendant requests – without waiving any of his longstanding objections to Exhibit 6A – that the Court take judicial notice of the four additional findings to place in proper context the Maryland Court's findings concerning Mr. Konover that Plaintiff has selectively chosen.

## II.     ARGUMENT

### A. Defendant Maintains His Objections To The Judicially Noticed Facts.

Rule 106 of the Federal Rules of Evidence provides that "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part – or any other writing or recorded statement – that in fairness ought to be considered at the same time." "While the wording of Rule 106 appears to require the adverse party to proffer the associated document or portion contemporaneously with the introduction of the primary document, [the Second Circuit has] not applied this requirement rigidly." *Phoenix Assocs. III* v. *Stone*, 60 F.3d 95, 103 (2d Cir. 1995). The additional portions required under Rule 106 can be introduced at any time after the exhibit is introduced. *See id.* (citing *United States* v. *Rubin*, 609 F.2d 51, 63 (2d Cir. 1979) (upholding admission of notes under Rule 106 even though government waited until its redirect examination of witness to introduce them)).

As the Court knows, Defendant has objected repeatedly to the admission and persistent use of the Judicially Noticed Facts. Plaintiff has continually referred to

the Judicially Noticed Facts during the trial, and has referred to those findings concerning Mr. Konover during its direct examination of Mr. Konover. Once evidence is admitted over a party's objection, the objecting party has no choice but to try to deal with that evidence by (at a minimum) ensuring that it is placed in the proper context. CHRISTOPHER B. MUELLER AND LAIRD C. KIRKPATRICK, 1 FEDERAL EVIDENCE § 1:12 (3d ed.) ("If a party properly objects or moves to strike and the court overrules the objection or denies the motion, there is no question of waiver. Having done what he could to exclude the evidence, he may now invoke the open door doctrine as the basis for rebuttal evidence, and urge on appeal that the court erred in admitting the initial evidence."). *See also Judd* v. *Rodman*, 105 F.3d 1339, 1342 (11th Cir. 1997) (observing that it is a valid trial strategy to deal with evidence that the Court has already ruled admissible which does not result in a waiver of the previously overruled objection).

### B. Under The Rule Of Completeness, Plaintiff Should Include Four Additional Findings Within Exhibit 6A.

"The Second Circuit has explained that Rule 106 allows the introduction of other portions of writings or recordings when they are necessary to explain an earlier-admitted portion, to place the earlier-admitted portion in context, or to avoid misleading the jury." *United States* v. *Demosthene*, 334 F. Supp. 2d 378, 382 (S.D.N.Y. 2004) (citing *United States* v. *Rivera*, 61 F.3d 131, 135–36 (2d Cir. 1995)). When a court applies Rule 106's embodiment of the rule of completeness or does so under Rule 611 (which gives the Court control over the presentation of evidence), it must be "guided by the overarching principle that it is the trial court's

responsibility to exercise common sense and a sense of fairness to protect the rights of the parties while remaining ever mindful of the court's obligation to protect the interest of society in the 'ascertainment of the truth.'" *United States* v. *Castro*, 813 F.2d 571, 576 (2d Cir. 1987) (quoting Rule 611(a)).

"[T]he opponent, against whom a part of an utterance has been put in, may in his turn complement it by putting in the remainder, in order to secure for the tribunal a complete understanding of the total tenor and effect of the utterance." *Beech Aircraft Corp.* v. *Rainey*, 488 U.S. 153, 171-72 (1988) (quoting 7 J. WIGMORE, EVIDENCE IN TRIALS AT COMMON LAW § 2113, p. 653 (J. Chadbourn rev. 1978)). As observed by Justice Brennan, "***when one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion***, the material required for completeness is *ipso facto* relevant and therefore admissible under Rules 401 and 402." *Id.* (citing 1 J. WEINSTEIN & M. BERGER, WEINSTEIN'S EVIDENCE ¶ 106[02], p. 106-20 (1986) (emphasis added)).

The Rule of Completeness embodied in Rule 106 requires the admission of additional portions of a document so that the jury can reach an "impartial understanding" of the evidence offered against the party invoking the Rule. *Phoenix Assocs. III* v. *Stone*, 60 F.3d 95, 102-03 (2d Cir. 1995). Indeed, it is reversible error to deny the party invoking the rule of completeness to include portions of the document that would place the admitted portions in context. *See id.* (citing *Frymire-Brinati* v. *KPMG Peat Marwick*, 2 F.3d 183, 187 (7th Cir. 1993)

(finding reversible error under Rule 106 where district court prevented defendant from introducing complete financial records that would have placed their apparent admissions against interest in context).

Among the 396 findings of fact entered by the Maryland Court, Plaintiff has included the following findings that purport to concern Michael Konover's intent with respect to his receipt of the $633,000 transfer:

> 213.    The Court finds that Michael Konover wrongfully retained and, thereby, misappropriated the Rents to his own personal use.
>
> 214.    The Court finds that this was a fraudulent transfer as to Michael Konover, Oriole and American Way.
>
> 218.    The Court finds that Michael Konover acted intentionally and wrongfully to deprive the Trust of its property.
>
> 231.    The Court finds that Michael Konover knew of Diamond's insolvency and accepted the conveyance with the intention of further depleting Diamond's assets to deprive Wells Fargo of the Rents to which it was rightfully owed.
>
> 236.    The Court finds that Michael Konover received the transfer with the intent to hinder, defraud or delay its creditors, and in particular, Wells Fargo.

Plaintiff' Exhibit 6A.

These findings create a distorted picture of Mr. Konover's mindset as of November 2002.  The true tenor of the Maryland Court's findings with respect to Mr. Konover's frame of mind can only be revealed by inclusion of Judge Souder's

determinations with respect to Plaintiff's claim for punitive damages. Four of these findings address specifically Mr. Konover's mental state:

> 243.  The . . . evidence, in this Court's view, is insufficient under Maryland law to demonstrate malice, *i.e.*, a "consciousness of the wrongdoing" by Michael Konover and American Way.
>
> 376.  "Actual malice" in the context of conversion means consciousness of the wrongdoing or conduct of the defendant characterized by evil motive, intent to injure, ill will, or fraud.
>
> 377.  The Court concludes that Wells Fargo did not establish, by clear and convincing evidence, that Michael Konover and American Way were motivated by actual malice.
>
> 378.  The Court cannot conclude that Michael Konover and American Way were conscious of their wrongdoing.

Plaintiff's Exhibit 6 (not admitted).[1]

Plaintiff's questioning of Mr. Konover has already elicited the substance of finding 243. Trial Transcript, Vol. XII, Page 2666. Indeed, in his colloquy with Mr. Konover, counsel for Plaintiff suggested that Mr. Konover was mistaken about Judge Souder's finding. *Id.* The colloquy went as follows:

> Q. You want to talk about another finding?
>
> A. Sure.
>
> Q. Which one [do] you want to talk about?
>
> A. 243.

---

[1] Defendant objects to Plaintiff's Exhibit 6 in its entirety. As other Circuits have noted "only those portions which are 'relevant to an issue in the case' and necessary 'to clarify or explain the portion already received' need to be admitted." *United States* v. *Lopez-Medina*, 596 F.3d 716, 735 (10th Cir. 2010) (quoting *United States* v. *Haddad*, 10 F.3d 1252, 1259 (7th Cir.1993)).

3937816.1

> Q. Okay. Let's see 243, Kathi. Oh, it's not there. So what do you think 243 says?
>
> A. It said that I had no consciousness of wrongdoing.
>
> Q. She said you didn't act with malice is all she said, right?
>
> A. No. She said I had no consciousness of wrongdoing. Let's put it up there. I'm sure you can get it.
>
> Q. She said that you intended to hinder, delay[,] or defraud, right?

Vol. XII, Page 2666-67.

While the introduction of this additional portion of Exhibit 6 will help the jury reach a more impartial view of findings 213, 214, 218, 231, and 236 in Exhibit 6A, nothing can fully repair the unfair prejudice of charging this jury to consider as conclusive findings that originated from the pen of Plaintiff's counsel, and not from the record. *See* Vol. XII, Page 2665 (Mr. Joyce acknowledged that he wrote the findings of fact at Judge Souder's direction). Findings 243, 376, 377, and 378 are among the precious few findings of fact that Judge Souder authored herself. These four findings place in proper context the Maryland Court's view of Mr. Konover's frame of mind in late 2002.

### III.   CONCLUSION

For all of these reasons, the Court should take judicial notice of findings 243, 376, 377, and 378 and direct that Plaintiff include these findings within Exhibit 6A.

Respectfully submitted,

| | |
|---|---|
| */s/ William J. Murphy* | */s/ James T. Shearin* |
| William J. Murphy (phv02662) | James T. Shearin (ct01326) |
| Conor B. O'Croinin (phv03232) | Steven J. Stafstrom, Jr. (ct27907) |
| ZUCKERMAN SPAEDER LLP | PULLMAN & COMLEY, LLC |
| 100 East Pratt Street, Suite 2440 | 850 Main Street, P.O. Box 7006 |
| Baltimore, Maryland 21202-1031 | Bridgeport, CT 06601-7006 |
| Tel: (410) 949-1146 | Telephone: (203) 330-2000 |
| Fax: (410) 659-0436 | Facsimile: (203) 576-8888 |
| wmurphy@zuckerman.com | jtshearin@pullcom.com |
| cocroinin@zuckerman.com | sstafstrom@pullcom.com |

*/s/ Mark S. Baldwin*
Mark S. Baldwin (ct01363)
Stephen R. Klaffky (ct27037)
BROWN RUDNICK LLP
CityPlace I, 38th Floor
185 Asylum Street
Hartford, CT 06103
Telephone: (860) 509-6500
Facsimile : (860) 509-6501
mbaldwin@brownrudnick.com
sklaffky@brownrudnick.com

## CERTIFICATION

I hereby certify that on November 26, 2012, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

          */s/ Conor B. O'Croinin*
          Conor B. O'Croinin

3937816.1